**Claude Lafayette DALLAS, Jr., Petitioner–Appellant,**

v.

**James SPALDING, Director of the Idaho Department of Corrections; Corrections, Idaho Department of, Respondents–Appellees.**

No. 00–35419.

D.C. No. CV–98–00111–MHW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

---

*** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

■ The commencement of prison disciplinary proceedings before the criminal trial on Dallas's escape charge did not violate his Fifth Amendment right against self-incrimination. Even rights "basic to a fair hearing" are "necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). *See also Ryan v. Montana,* 580 F.2d 988, 993 (9th Cir.1978), *cert. denied,* 440 U.S. 977, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

■ Nor did the hearing officer's limited consideration of Dallas's silence in his prison hearing violate due process. Because Dallas's silence "in and of itself [was] insufficient to support an adverse decision," the hearing officer's partial reliance on it did "not smack of an invalid attempt by the state to compel testimony ... or to penalize the exercise of the [Fifth Amendment] privilege." *Baxter v. Palmigiano,* 425 U.S. 308, 317–18, 96 S.Ct. 1551, 47

---

** The Honorable William W Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

L.Ed.2d 810 (1976). *See also Ryan,* 580 F.2d at 992–93.

■ The state's refusal to reinstate Dallas's good time credits after his subsequent acquittal of a criminal escape charge did not violate due process. In the "distinctive setting of a prison," when officials discipline already-convicted prisoners for violating prison rules and regulations, the "flexible ... requirements of due process" impose a lesser burden of proof on the state than in criminal trials. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Because the government's burden in a criminal case is higher, Dallas's acquittal does not preclude a different conclusion by the hearing officer applying a lower standard of proof.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.